**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| DIVERSE STAFFING SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO: 4:21-CV-28 |
| v. | ) | |
| CONSULTATIVE SALES PROFESSIONALS, LLC, CYCLE UP SUPPLY CHAIN SERVICES, LLC, and TERESA ALBANESE, | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW, DIVERSE STAFFING SERVICES, INC., Plaintiff in the above referenced civil action, and hereby files its Complaint, showing this Honorable Court as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.

Plaintiff Diverse Staffing Services, Inc. ("Plaintiff") is an Indiana corporation with its principal place of business located at 7135 Waldemar Dr., Indianapolis, Indiana 46278.

2.

Defendant Consultative Sales Professionals, LLC ("CSP") is a foreign limited liability company organized and existing under the laws of the State of Florida. CSP may be served through its registered agent Maureen Forehand, at 155 Brampton Road, Savannah, Georgia 31408. Upon information and belief, no member of CSP is a citizen of Indiana. Upon information and belief, CSP is doing business as Cycle Up Supply Chain Services, LLC.

3.

Defendant Cycle Up Supply Chain Services, LLC ("Cycle Up") was a foreign limited liability company which was organized and existed under the laws of the State of Florida. Cycle Up voluntarily dissolved under the laws of the State of Florida. Cycle up was registered to transact business in the State of Georgia but has been duly withdrawn under the laws of the State of Georgia by the Georgia Secretary of State. Therefore, it can be served through the Georgia Secretary of State. Pursuant to O.C.G.A. § 14-11-707(c), a copy of the process to Cycle Up may be mailed to Palmetto Charters Services, Inc., at 1490 S. Ridgewood Avenue, Suite 700, Daytona Beach, Florida 32114. Upon information and belief, no member of Cycle Up is a citizen of Indiana.

4.

Upon information and belief, Defendant Teresa Albanese is a resident and citizen of Broward County, Florida, and may be served with process at 6655 NW 122nd Avenue, Parkland, Florida 33076 .

5.

Venue is this action is proper, pursuant to 28 U.S.C. § 1391, as the events giving rise to this matter occurred within this District.

6.

This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the value of seventy-five thousand dollars ($75,000.00) exclusive of interests and costs, and is between citizens of different states.

**FACTS**

7.

Plaintiff hereby incorporates each and every allegation as set forth in Paragraphs 1 through 6.


8.

On August 6, 2020, Plaintiff entered into a Client Services Agreement with Cycle Up, whereby Plaintiff agreed to provide Cycle Up with employees in Georgia in return for payment (the "Contract").

9.

Cycle Up represented that it was authorized to transact business in the State of Georgia when it contracted with Plaintiff under the Contract.

10.

Unbeknownst to Plaintiff at the time of the creation of the Contract, on June 28, 2016, Cycle Up obtained a certificate of withdrawal from the Georgia Secretary of State and had voluntarily dissolved under the laws of the State of Florida on January 29, 2016.

10.

Based upon Cycle Up's withdrawal and voluntary dissolution, Cycle Up knew that it could not transact business as a foreign limited liability company in the State of Georgia, but still signed the Contract.

11.

Plaintiff had no reason to know that Cycle Up was not authorized to transact business in the State of Georgia at the time of the formation of the Contract.

12.

Under the Contract, Plaintiff paid the contract employees supplied by Plaintiff to Cycle Up and Plaintiff invoiced Cycle Up for the services provided by Plaintiff's contract employees.

13.

Plaintiff regularly sent Cycle Up invoices for amounts Cycle Up owed under the Contract.

14.

On September 21, 2020, Plaintiff's employee emailed Cycle Up and attached invoices for payment under the Contract.

15.

On September 21, 2020, Defendant Teresa Albanese, a recipient of the aforementioned September 21, 2020 email, represented that she was an employee of Cycle Up and that she would set the invoices up for payment by Cycle Up.

16.

To date, Plaintiff has not been paid for the majority of the invoices owed under the Contract.

17.

The total amount of outstanding and overdue invoices owed to Plaintiff under the Contract, before interests, fees, and costs, is no less than $80,530.93.

18.

Upon information and belief, CSP may be doing business as Cycle Up.

19.

On January 19, 2021, Plaintiff made a demand on CSP and Cycle Up to pay all outstanding amounts due under the Contract.

20.

CSP and Cycle Up refused to pay Plaintiff all amounts due under the Contract.

21.

CSP and Cycle Up are in breach of the terms of the Contract.

22.

Upon information and belief, at all times relevant herein, Defendant Teresa Albanese was acting on behalf of Cycle Up, which was not authorized to transact business in the State of Florida and/or Georgia as a limited liability company.

23.

Upon information and belief, because Defendant Teresa Albanese was acting on behalf of a withdrawn and dissolved limited liability company, she was acting in her personal capacity when she made representations about payment on the Contract on September 21, 2020.

24.

Plaintiff justifiably relied on Defendant Teresa Albanese's representation that its invoices would be paid and continued providing labor to Defendants as a direct result of this false representation.

25.

Plaintiff never received payment for all amounts due and owing, notwithstanding the representations of Defendants.

**COUNT ONE – BREACH OF CONTRACT AGAINST CSP**

26.

Plaintiff repeats and re-alleges Paragraphs 1 through 25 as if fully set forth herein.

27.

Plaintiff and CSP d/b/a Cycle Up have a valid and enforceable Contract whereby Plaintiff provided CSP d/b/a Cycle Up with contract employees.

28.

Plaintiff fully performed under the Contract.

29.

CSP d/b/a Cycle Up breached the terms of the Contract by failing to pay all amounts due.

30.

As a direct and proximate result of CSP d/b/a Cycle Up's breach of its obligations under the Contract, Plaintiff has incurred damages in an amount not less than $80,530.93, plus interest and any other fees due and owing under the Contract.

31.

Plaintiff is entitled to recover an amount not less than $80,530.93, plus interest, attorneys' fees, and any other fees due and owing under the Contract and any other damages to which it is entitled as a matter of law and equity.

**COUNT TWO – BREACH OF CONTRACT AGAINST CYCLE UP**

32.

Plaintiff repeats and re-alleges Paragraphs 1 through 25 as if fully set forth herein.

33.

Plaintiff and Cycle Up have a valid and enforceable Contract whereby Plaintiff provided Cycle Up with contract employees.

34.

Plaintiff fully performed under the Contract.

35.

Cycle Up breached the terms of the Contract by failing to pay all amounts due.

36.

As a direct and proximate result of Cycle Up's breach of its obligations under the Contract, Plaintiff has incurred damages in an amount not less than $80,530.93, plus interest and any other fees due and owing under the Contract.

37.

Plaintiff is entitled to recover an amount not less than $80,530.93, plus interest, attorneys' fees, and any other fees due and owing under the Contract and any other damages to which it is entitled as a matter of law and equity.

**COUNT THREE – FRAUD AGAINST CSP AND CYCLE UP**

38.

Plaintiff repeats and re-alleges Paragraphs 1 through 25 as if fully set forth herein.

39.

CSP d/b/a Cycle Up and Cycle Up made or caused its employees to make numerous false representations and omissions to Plaintiff. For example, Cycle Up misrepresented that it was authorized to transact business in Georgia when it signed the Contract, with knowledge that it was not authorized to transact business in Georgia. Moreover, CSP s/b/a Cycle Up and/or Cycle Up's employee, Defendant Teresa Albanese, made a representation on September 21, 2020 about paying invoices due under the Contract, even though no payment was ever made and the balance owing to Plaintiff continued to grow.

40.

CSP d/b/a Cycle Up and/or Cycle Up had no intention of paying the amounts owed to Plaintiff when they made the representations.

41.

CSP d/b/a Cycle Up and/or Cycle Up intended to deceive Plaintiff in order to entice Plaintiff into entering into the Contract and to continue providing services under the Contract based upon the aforementioned misrepresentations.

42.

Plaintiff justifiably relied on Defendants' representations in entering into the Contract and in continuing to provide services under the Contract.

43.

Plaintiff has been damaged as a result of the aforementioned false representations in an amount not less than $80,530.93, plus interests and any other fees to which it is entitled as a matter of law and equity.

**COUNT FOUR – FRAUD AGAINST DEFENDANT TERESA ALBANESE**

44.

Plaintiff repeats and realleges Paragraphs 1 through 25 as if fully set forth herein.

45.

Defendant Teresa Albanese made or caused to be made misrepresentations and omissions of material fact. For example, Defendant Teresa Albanese represented to Plaintiff that she was an employee of Cycle Up, a dissolved and

withdrawn limited liability company in the State of Florida and State of Georgia, respectively, and that Cycle Up intended to pay its obligations pursuant to the contract and invoices. Defendant Teresa Albanese therefore also represented that Cycle Up was authorized to transact business as a limited liability company in the State of Georgia. Moreover, Defendant Teresa Albanese made or caused to be made misrepresentations and omissions of material fact by representing to Plaintiff that Cycle Up intended to pay its obligations pursuant to the Contract and invoices, when in fact no payments were ever made.

46.

Defendant Teresa Albanese owed a duty of candor to Plaintiff when she represented Cycle Up would pay its obligations and Cycle Up was authorized to transact business in the State of Georgia. Defendant Teresa Albanese breached this duty because the statements were false and/or misleading. Defendant Teresa Albanese intentionally made misrepresentations to Plaintiff, or at the very least was negligent in making such representation(s).

47.

Plaintiff relied on Defendant Teresa Albanese's representation(s) that the defunct Cycle Up would honor the agreement with Plaintiff and continued to

provide contract labor to Defendants based on the representations made by Teresa Albanese.

48.

Plaintiff has been damaged in an amount not less than $80,530.93, plus interests and any other fees to which it is entitled as a matter of law and equity.

WHEREFORE, Plaintiff prays for the following:

1. Judgment be entered in favor of Plaintiff and against Defendants;
2. Plaintiff be awarded a sum of not less than $80,530.93, including interest thereon, fees, and costs, to which it is entitled as a matter of law and equity;
3. A trial by a jury of twelve persons; and
4. Any other such relief as the Court deems just and appropriate.

This 1st day of February, 2021.

                               **SWIFT, CURRIE, McGHEE & HIERS, LLP**

                               By:   */s/ Lee Clayton*
                                      Lee Clayton
                                      Georgia Bar No. 601004
                                      ***Attorneys for Plaintiff***

Suite 300, The Peachtree
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309-3231
(404) 874-8800 (ph)
lee.clayton@swiftcurrie.com

4852-1162-8505, v. 1