IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DIVERSE STAFFING SERVICES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONSULTATIVE SALES PROFESSIONALS, LLC, CYCLE UP SUPPLY CHAIN SERVICES, LLC, and TERESA ALBANESE, <br><br> Defendants. | CASE NO. CV421-028 |

## O R D E R

Before the Court is Plaintiff Diverse Staffing Services, Inc.'s Motion for Default Judgment against Defendants Consultative Sales Professionals, LLC ("CSP") and Cycle Up Supply Chain Services, LLC ("Cycle Up") (Doc. 13), to which Defendants CSP and Cycle Up filed no response. Plaintiff's Response to the Court's Show Cause Order directing Plaintiff to demonstrate whether the Court has subject matter jurisdiction over this case is also before the Court. (Doc. 17.) For the following reasons, Plaintiff's motion for default judgment (Doc. 13) is **DENIED**, and Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to sufficiently allege subject matter jurisdiction.

## BACKGROUND

On February 1, 2021, Plaintiff filed its Complaint against Defendants CSP, Cycle Up, and Teresa Albanese, asserting claims for breach of contract against Defendants CSP and Cycle Up and fraud against all three Defendants. (Doc. 1 at ¶¶ 26-47.) On February 1, 2021, the Clerk of Court issued summons for Defendants CSP, Cycle Up, and Albanese. (Doc. 2 at 1, 3, 5.) On February 16, 2021, Plaintiff filed a Certificate of Acknowledgement issued by the Georgia Secretary of State evidencing service on Defendant Cycle Up. (Doc. 4, Attach. 1 at 1.) Before Defendants CSP and Albanese were served with the original complaint, Plaintiff amended its complaint on March 16, 2021. (Doc. 5.)

After filing its amended complaint, Plaintiff submitted a summons directed only to Defendant Cycle Up to the Clerk (Doc. 6), and the Clerk issued the summons on March 17, 2021 (Doc. 7). On March 25, 2021, Plaintiff filed another Certificate of Acknowledgement issued by the Georgia Secretary of State evidencing service of the amended complaint on Defendant Cycle Up. (Doc. 8.) On April 29, 2021, Plaintiff filed an affidavit of service for Defendant CSP. (Doc. 9.) As the Clerk never issued a summons for the amended complaint for Defendant CSP, the summons included in the document was for the original complaint issued February 1, 2021. (Id. at 2.) As of this date, none of the Defendants has appeared in this case.

2

On June 11, 2021, Plaintiff moved for entry of default against Defendants CSP and Cycle Up (Docs. 10, 11), and the Clerk entered default against these two Defendants (Doc. 12). Plaintiff moved for default judgment against Defendants CSP and Cycle Up on September 7, 2021. (Doc. 13.) In support of its motion for default judgment, Plaintiff alleged that Defendant CSP was served with "Plaintiff's Complaint [Dkt. 1]" and that Defendant Cycle Up was served with "Plaintiff's Amended Complaint [Dkt. 5][.]" (Id. at ¶¶ 1, 2.)

On February 1, 2022, the Court entered an order directing Plaintiff to file a supplemental brief establishing that subject matter jurisdiction exists. (Doc. 16.) Specifically, the Court explained Plaintiff's allegations based on information and belief that no members of Defendants CSP and Cycle Up, which Plaintiff alleges to be LLCs, are citizens of Indiana were insufficient to allege complete diversity. (Id. at 3-4.) The Court warned Plaintiff that the failure to provide the requested information would result in dismissal of the case for lack of subject matter jurisdiction. (Id. at 4.)

Plaintiff responded to the Court's order on February 22, 2022, stating that "it [was] unable to definitively determine the LLC members[,]" due to Defendants' failure to participate. (Doc. 17 at 1.) Plaintiff informed the Court it was "willing to engage in" jurisdictional discovery regarding Defendants CSP and Cycle Up but

3

did not indicate what methods it would pursue. (Id. at 2.) In the event the Court decided to dismiss Defendants CSP and Cycle Up, Plaintiff asked that the Court allow it to pursue its claims against Defendant Albanese only but did not explain why this course of action was appropriate. (Id.)

**ANALYSIS**

I. DEFAULT JUDGMENT

Under Federal Rule of Civil Procedure 55, a party can only obtain default judgment through a two-step process. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a clerk's entry of default, the moving party may request an entry of default judgment. Fed. R. Civ. P. 55(b). "Before a court can enter default judgment, '[t]he Court must have . . . subject-matter jurisdiction over the defendant.'" Canal Ins. Co. v. Williams, No. CV 111-035, 2014 WL 12733551, at *2 (S.D. Ga. Feb. 19, 2014) (quoting Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)).

Relevant to this case, subject matter jurisdiction exists when there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332. Complete diversity requires that "no two adverse parties are citizens of

4

the same state." Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826 F.3d 1334, 1338 (11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978)). "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for each defendant or face dismissal." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829, 109 S. Ct. 2218, 2221, 104 L. Ed. 2d 893 (1989) (citation omitted). Plaintiff, as the party seeking to invoke this Court's jurisdiction, bears the burden of pleading complete diversity. N. Am. Specialty Ins. Co. v. Bull River Marina, LLC, No. CV412-146, 2014 WL 12656616, at *1 (S.D. Ga. Mar. 26, 2014) (citations omitted). "In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction[.]" Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000) (citation omitted).

The Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). To properly allege the citizenship of an LLC, "a party must list the citizenships of all the members of the limited liability company[.]" Id. The general allegation, based upon information and belief, that no

5

member of an LLC is the citizen of a particular state is insufficient to carry plaintiff's burden of alleging complete diversity between the parties. See Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980) ("[W]hen jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (citations and quotation marks omitted));[1] Great Am. Assurance Co. v. Stover, No. 1:20-CV-2635-MHC, 2020 WL 8093342, at *1 (N.D. Ga. June 24, 2020) ("[A]lleging the members of a limited liability company 'upon information and belief,' as Plaintiff does for [defendant LLC], is also insufficient." (citation omitted)).

Plaintiff's motion for default judgment must be denied because Plaintiff has admittedly failed to determine the members of Defendants CSP and Cycle Up, which are LLCs, or their citizenships.[2] (Doc. 17 at 1.) The Court is therefore unable to

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Another prerequisite to granting default judgment is personal jurisdiction over a defendant. Canal Ins. Co., 2014 WL 12733551, at *2. Without valid service, a court lacks personal jurisdiction over a defendant. Ballew v. Roundpoint Mortg. Servicing Corp., 491 F. App'x 25, 26 (11th Cir. 2012) (per curiam) (citations omitted). However, "service of [an] original complaint is deficient [if] the original complaint ha[s] been superseded by an amended complaint at the time of service." Martin v. Salvatierra, 233 F.R.D. 630, 632 (S.D. Fla. 2005); see also Stephens v. Atlanta Indep. Sch. Sys., No. 1:13-cv-978-WSD, 2013 WL 6148099, at *3 n.3 (N.D. Ga. Nov. 22, 2013) ("[S]erving a superseded complaint with the summons was not a proper service of process and [this court] set[s] aside

determine that there is complete diversity of citizenship between the parties such that subject matter jurisdiction exists. Without subject matter jurisdiction over Defendants CSP and Cycle Up, the Court cannot enter default judgment.[3] Canal Ins. Co., 2014 WL 12733551, at *2. Accordingly, Plaintiff's motion for default judgment (Doc. 13) is **DENIED**, and the Court sua sponte **VACATES** the Clerk's prior entry of default against Defendants CSP and Cycle Up (Doc. 12). Since Plaintiff has not sufficiently alleged complete diversity jurisdiction, the Court must now determine how this case should proceed, if at all.

## II. JURISDICTIONAL DISCOVERY

Next, Plaintiff states that it is "willing to engage in limited jurisdictional discovery" to determine the members of Defendants CSP and Cycle Up but offered no argument in support of its request. (Doc. 17 at 2.) In cases where defendants fail to

---

such service as insufficient." (quoting Phillips v. Murchison, 194 F. Supp. 620, 622 (S.D.N.Y. 1961))). Although the changes to the amended complaint may have been minor, the Court also questions whether Plaintiff's service of its original complaint on Defendant CSP instead of its amended complaint was sufficient.

[3] Additionally, this is not a case in which Defendants CSP and Cycle Up could have admitted to facts regarding citizenship and jurisdiction by defaulting. Plaintiff did not allege the members of Defendants CSP and Cycle Up or their citizenships. (Doc. 5 at ¶¶ 2, 3.); cf. Allegheny Cas. Co. v. United Constr. Co. of Cent. Fla., Inc., No. 6:12-cv-1363-Orl-36KRS, 2013 WL 1344588, at *2 (M.D. Fla. Feb. 6, 2013) (distinguishing case in which a court concluded the defaulting defendant had admitted facts sufficient to demonstrate subject matter jurisdiction because plaintiff pleaded a defendant corporation's state of incorporation and principal place of business).

7

appear, courts both within and outside the Eleventh Circuit have declined plaintiffs' requests for jurisdictional discovery to remedy insufficient allegations of diversity jurisdiction when made in response to a court's order to show cause why the case should not be dismissed for lack of subject matter jurisdiction. See Allegheny Cas. Co. v. United Constr. Co. of Cent. Fla., Inc., No. 6:12-cv-1363-Orl-36KRS, 2013 WL 1344588, at *3 (M.D. Fla. Feb. 6, 2013) (denying a plaintiff's request for jurisdictional discovery regarding a defaulting LLC defendant in response to a show cause order because the plaintiff lacked a factual basis to support its diversity allegations and defaulting defendant was unlikely to respond); see also Northfield Ins. Co. v. GM Star Constr., Inc., 532 F. Supp. 3d 73, 73-75 (E.D.N.Y. 2021) (denying a plaintiff's request for jurisdictional discovery even though it "exhausted all reasonable means" to determine the unresponsive defendant LLC's members because the court was concerned about encouraging "mini-litigation" on threshold jurisdictional issues, incentivizing speculative assertions about LLC jurisdiction, and adhering to congressional directives about citizenship status). While Plaintiff may believe that complete diversity exists (Doc. 17 at 1-2), Plaintiff insufficiently alleged subject matter jurisdiction, and by failing to supplement its allegations in response to the Court's order, Plaintiff essentially conceded that it lacks a factual basis and cannot establish the existence of

8

complete diversity among the parties. Moreover, any attempt to serve discovery requests would likely be futile given Defendants CSP and Cycle Up have failed to participate in this litigation, a fact that Plaintiff raised in response to the Court's order. (Id. at 1); Allegheny, 2013 WL 1344588, at *3 (noting discovery would likely be fruitless since defaulting defendant was unlikely to respond). Accordingly, the Court is not persuaded that jurisdictional discovery is warranted.

Cases in which defendants actively disputed jurisdiction and plaintiffs requested jurisdictional discovery further support the Court's conclusion that jurisdictional discovery is not appropriate. While a qualified right to jurisdictional discovery exists when jurisdiction is genuinely disputed, Carter v. United States, No. 1:19-CV-02787-ELR, 2021 WL 6621075, at *3 (N.D. Ga. Dec. 13, 2021) (citations omitted), the Eleventh Circuit has upheld decisions by district courts denying requests for jurisdictional discovery in response to motions to dismiss if those requests were delayed, non-specific, or appeared to be an afterthought. See Posner v. Essex Ins. Co., 178 F.3d 1209, 1214 n.7 (11th Cir. 1999) (concluding district court did not err by denying plaintiffs' request for jurisdictional discovery when they made no request in the eight months between the time the complaint was filed and the time it was dismissed); United Techs. Corp. v. Mazer, 556 F.3d 1260, 1280-81 (11th Cir. 2009) (concluding district court did not

abuse discretion denying a plaintiff's request for jurisdictional discovery as a proposed alternative within the response to a motion to dismiss); Wolf v. Celebrity Cruises, Inc., 683 F. App'x 786, 792 (11th Cir. 2017) (per curiam) (concluding district court did not improperly deny plaintiff's request for jurisdictional discovery when it was buried within his response to defendant's motion to dismiss and did not specify "what information he sought or how that information would bolster his allegations[]").

Despite bearing the burden of pleading diversity of citizenship, N. Am. Specialty Ins. Co., 2014 WL 12656616, at *1, Plaintiff did not seek to sufficiently establish subject matter jurisdiction until questioned by the Court. Then, instead of affirmatively moving for jurisdictional discovery and explaining its proposed discovery tactics, Plaintiff merely indicated its willingness to participate in discovery as an alternative to dismissal within its response to the show cause order. (Doc. 17 at 2.) Plaintiff's equivocal request has not convinced the Court that jurisdictional discovery is proper in this case.

III. DISMISSAL OF NON-DIVERSE DEFENDANTS

Finally, the Court must decide whether to grant Plaintiff's request that the Court "leave" Defendant Albanese "if the Court dismisses CSP and Cycle Up."[4] (Doc. 17 at 2.) Plaintiff provided

---

[4] Because Plaintiff only moved for default judgment against Defendants CSP and Cycle Up, the Court made no comment on

10

no supporting argument for its request. However, having found Plaintiff failed to meet the requirements of the diversity statute, Plaintiff faces dismissal of the entire lawsuit. Newman-Green, 490 U.S. at 829, 109 S. Ct. at 2221. Thus, instead of a request to merely allow Plaintiff's action to continue against Defendant Albanese, the Court believes Plaintiff's proposal is more appropriately construed as a request that the Court dismiss nondiverse Defendants CSP and Cycle Up to cure defects in diversity jurisdiction.

The Supreme Court has explained that "it is well settled that Rule 21 [of the Federal Rules of Civil Procedure] invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." Id. at 832, 109 S. Ct. at 2223. Courts apply Rule 19 to determine

---

Plaintiff's allegations about Defendant Albanese's citizenship. The Court now notes that Plaintiff's amended complaint contains the same problematic language regarding Defendant Albanese's citizenship based on information and belief. Transp. All. Bank Inc. v. Trax Air, LLC, No. 6:16-cv-1773-Orl-40DCI, 2017 WL 7355309, at *3 (M.D. Fla. Nov. 20, 2017). Beyond that, "[v]alid service is a prerequisite for a federal court to assert personal jurisdiction over a defendant[.]" Ballew, 491 F. App'x at 26. "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "Unless service is waived, proof of service must be made to the Court." Fed. R. Civ. P. 4(l). Although Plaintiff initiated this action in February 2021, there is no proof of timely service of either complaint on Defendant Albanese or that she waived service as required by Rules 4(l) and 4(m).

11

whether a party is dispensable, and "addressing . . . dispensability is a prerequisite to potentially curing [a] case's jurisdictional defects." Axis Ins. Co. v. Appeal Ins. Agency, Inc., No. 1:15-CV-1465-VEH, 2016 WL 146227, at *3 (N.D. Ala. Jan. 13, 2016). A court may utilize Rule 21 to dismiss a nondiverse dispensable party on a party's motion or sua sponte. Id. at *3.

In Axis Insurance Company, a district court in the Eleventh Circuit dismissed a plaintiff's case after the court issued an order to show why the case should not be dismissed for lack of subject matter jurisdiction and the plaintiff failed to show the dispensability of the nondiverse defendant. Id. at *2-3. Plaintiff Axis Insurance Company sued multiple defendants in a declaratory judgment action, including Defendant Gulf Finance, LLC. Id. at *1. After perceiving problems with Axis's diversity allegations about Gulf Finance's citizenship, the court issued an order to show cause why the case should not be dismissed without prejudice for lack of subject matter jurisdiction. Id. In response, Axis filed a Rule 41(a)(1)(A)(ii) stipulation of dismissal of Gulf Finance and motion for leave to amend its complaint to delete Gulf Finance. Id.

Despite Axis's "incongruent approach," the court recognized that Rule 21 permits courts to dismiss a nondiverse party "not indispensable to the action under Fed. R. Civ. P. 19." Id. at *1, *2, *3 (citations omitted). The court evaluated the viability of

12

Axis's proposed approach which did not reference Rule 21, did not address the issue of dispensability, and asked the court to accept a Rule 41 dismissal of a party over which it never had jurisdiction. Id. at *2. Ultimately, the court concluded whether Axis inadvertently or purposefully "skirt[ed] the dispensability issue [was] of no consequence" because binding cases "unequivocally instruct[] addressing [a defendant's] dispensability is a prerequisite to potentially curing [a] case's jurisdictional deficits." Id. at *3; Fritz v. Am. Home Shield Corp., 751 F.2d 1152, 1155 (11th Cir. 1985) (explaining that the Rule 19 dispensability finding "must be made before a Rule 21 dismissal of a nondiverse party is appropriate." (citation omitted)). As a result, the court concluded Axis failed to show good cause for establishing the exercise of diversity jurisdiction. Axis Ins. Co., 2016 WL 146227, at *2. The court also found the statements in Axis's filings were "too short-on-detail" to allow the "court to sua sponte evaluate [the defendant's] role as required by Rule 19." Id. at *3 (citation omitted). The court therefore dismissed the entire case without prejudice for lack of subject matter jurisdiction. Id. at *4.

In this case, this Court also afforded Plaintiff the opportunity to sufficiently allege subject matter jurisdiction and informed Plaintiff that the case would be dismissed for lack of subject matter jurisdiction if it failed to comply. (Doc. 16.)

13

Like Axis, Plaintiff took an unusual approach when asking the Court to "leave" Defendant Albanese as a party in this case. (Doc. 17 at 2.) Plaintiff did not reference Rule 21 or address the dispensability of Defendants CSP or Cycle Up, yet Plaintiff asks the Court to leave a party in a case where the Court never properly had jurisdiction. (Id.) Additionally, Plaintiff's response contains insufficient information for the Court to sua sponte address whether Defendants CSP and Cycle Up are dispensable as required by Rule 19. Since a dispensability finding "must be made before a Rule 21 dismissal of a nondiverse party is appropriate[,]" Fritz, 751 F.2d at 1155, the Court declines to dismiss Defendants CSP and Cycle Up as dispensable nondiverse parties pursuant to Rule 21. Accordingly, the Court **DENIES** Plaintiff's request to leave Defendant Albanese as a party and allow this case to proceed. (Doc. 17.)

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for default judgment (Doc. 13) is **DENIED**, and the Court sua sponte **VACATES** the Clerk's prior entry of default against Defendants CSP and Cycle Up (Doc. 12). Additionally, Plaintiff's requests for jurisdictional discovery and to leave Defendant Albanese as a party to this case are **DENIED**. (Doc. 17.) Finally, because Plaintiff failed to adequately allege diversity of citizenship, Plaintiff's case is

14

**DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.[5] The Clerk of Court is **DIRECTED** to close the case.

SO ORDERED this 28th day of April 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5] The Court notes that Plaintiff has not argued it is without judicial remedy. Plaintiff can pursue relief in state court, which is an option that has been available to Plaintiff from the outset of this litigation.